AMES & AL. vs. REED.

The master who does not deliver the goods, is accountable for the price.

APPEAL from the court of the first district.

MATHEWS, J. delivered the opinion of the court. In this case the appellees claim reparation in damages to the amount of the value of certain books, which were received by the appellant on board the steam boat Feliciana, to be transported from New Orleans to Plaquemine. They allege that said books (contained in a box,) were in good condition at the time they were received by the appellant; but that, in consequence of his negligence and misconduct, they were destroyed and lost.

The judgment of the court below is for the full value of such books, as are described in the petition, according to the rate at which they were invoiced to the subscribers for them in this country.

This judgment the counsel for the appellant contends, is erroneous. 1st. because the evidence shews the property to have been injured before it was received by his client; and

East'n District.
*March*, 1824.

AMES & AL.
*vs.*
REED

2nd. because the judge of the district court has estimated it *too* highly, admitting that the loss was occasioned by the neglect of the defendant.

It is true, that there appears something of mystery in the whole testimony, taken together, but we believe that it discloses facts, which justify the conclusion of the judge *a quo*, as to the liability of the appellant.

In what amount he ought to have been condemned, is a question of more difficulty. At what price or value ought those books to have been estimated, that of the actual expense of printing them, or the value put on them to subscribers, according to the invoiced price?

For a solution of this question, we are referred to the rules which govern in cases of insurance. On a valued policy, the insured, according to the general rule established in such cases, when the loss is total, is entitled to receive the whole sum insured. See *Marshall*, 618. In England when it becomes necessary to appreciate the loss of an open policy, the prime cost, that is, the invoiced price, forms the basis of the estimation. *Anthon's ed.* 622.

In the present case, considering the captain of the steam boat as an insurer for the value of

East'nDistrict. the books, which are totally lost to the owners;
March, 1824.
the fundamental rule for appreciating such loss
AMES & AL. is given by the price as estimated in the invoice,
vs.
REED. which is at four dollars per volume, the same
value, at which they are put to subscribers for
the work. There is nothing shewn by the ev-
idence of the cause to create an exception to
the general rule, by which the court below
seems to have been governed in its judgment.

It is therefore ordered, adjudged, and de-
creed, that the judgment of the district court be
affirmed, with costs.

*M'Caleb* for the plaintiffs, *Pierce* for the de-
fendant.